IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL R. LAWLER,**

       **Plaintiff,**

   **v.**                                Civil Action 2:16-cv-772
                                        Judge George C. Smith
                                        Magistrate Judge Jolson

**PAYCHEX, INC.**,

       **Defendant.**

## STIPULATION AND ORDER OF CONFIDENTIALITY

    1.    This Stipulation and Order of Confidentiality ("Order") shall govern the use and disclosure of all "Discovery Materials," as defined below, which are created or produced in connection with the above-captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

    2.    "Confidential Information" shall mean any trade secret, proprietary information, or other confidential research, development, personal customer and/or patient information, or commercial information entitled to protection as now or hereafter interpreted by the Courts, attorney work product, and any other confidential information entitled to

similar protection under any other law or rule that hereafter becomes applicable to this action.

3. "Confidential Information" also shall mean any information of a particularly sensitive nature containing, for example, personnel information, medical information, business information, or pay and benefits information. Personnel information shall include, but not be limited to: (a) all documents related to the identity of any of Defendant's current and/or former employees (including social security numbers and birthdates), their applications and qualifications for employment; (b) all documents related to an individual's separation of employment; (c) documents contained in personnel files of a sensitive and/or confidential nature such as those reflecting corrective action, contact information (e.g. phone number(s), mailing address, or e-mail addresses) for a current and/or former employee and/or their family members; and compensation information; (d) all documents related to performance evaluations or any parts or portions thereof; (e) anything prepared for, derived from or incorporating the foregoing; or (f) duplicates in any form.

4. Business information shall include, but not be limited to: (a) Defendant's policies and procedures containing trade secret information and/or other confidential research, development or proprietary commercial information not generally available to the public; (b) organizational charts; (c) benefit and compensation information; (d) any information identifying or regarding patients and any health or medical information; (e) other information containing trade secrets or other confidential research, development or proprietary commercial information not generally available to the public; and (f) anything prepared for or derived from or incorporating the foregoing.

5. "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

6. Any party may designate ("Designating Party") any Discovery Materials as Confidential Discovery Material in the following manner:

(a) Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information or (ii) if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

(b) With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony.  Counsel for the party-deponent shall affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contain "Confidential" - designated material, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.  Only those portions of each transcript designated as "Confidential" in this action shall be deemed Confidential Discovery Material.  All transcripts of depositions or other pre-trial testimony shall be deemed to be

Confidential Discovery Material until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter.

      (c)      To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the producing party and parties may designate such material as Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

      (d)      Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of same to all parties within thirty (30) days after the execution of this Stipulation. The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the completion of discovery.

      7.      Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business or other purpose.

      8.      Confidential Discovery Material and all copies thereof:

      (a)      shall be disclosed only to

           (i)   the Court;

           (ii)  attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

(iii) parties to this action who are natural persons and persons employed by or otherwise affiliated with any party whose knowledge of the Confidential Discovery Material is necessary in order to enable the party by which the person is employed or with which the person is or has been affiliated to prosecute or defend this action effectively;

(iv) persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent accountants, statisticians, economists, and other experts), but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A;

(v) witnesses or any other person for case-related purposes but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as Exhibit A.

(b) shall be copied only by attorneys of record, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorney engaging any such copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order.

9. This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose, except

that materials in the possession of one party may be designated as Confidential Discovery Material by the other party and subject to the terms and conditions as provided herein.

10. The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 6 of this Order shall not constitute a ruling that those materials actually contain Confidential Information.

11. If a party, or a non-party that produced documents or things or gave a deposition upon oral examination or written questions, concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion.  Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality.  If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated discovery materials shall continue to be Confidential Discovery Materials under this Order until the objecting party or non-party applies for and receives an Order of this Court rescinding that designation of those materials.

12. If a party wishes to file a document with the Court containing information which has been designated as Confidential Discovery Material, the concerned parties shall confer in good faith in order to determine whether the document may be filed in a manner that protects the Confidential Discovery Material, such as by redaction. If the parties cannot agree, such document shall be included in a separate appendix that shall contain all Confidential Discovery Material.  The separate appendix may be served upon a party but shall not be filed with the Court

until either the Designating Party waives any objection to the filing, or until such time as the Court has ruled on the Designating Party's motion made pursuant to Local Rule 5.2.1 to file such documents under seal.

13. If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Materials designated Confidential, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

14. By stipulating to this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

15. The provisions of this Order shall not terminate at the conclusion of this action. Within thirty (30) days of the final termination of this lawsuit, whether by judgment, settlement or conclusion of proceedings on appeal, the Parties agree that they shall return, to opposing counsel, any material containing Confidential Discovery Material produced to them by the other party or within their possession whether produced by the other party or not.  Notwithstanding the foregoing, the attorneys of record may retain all correspondence, depositions, pleadings, briefs, memoranda, motions and other documents containing attorney-client privileged materials and/or attorney work-product that refers to or incorporates Confidential Discovery Material and will continue to be bound by the terms of this Order with respect to the retained information. Notwithstanding the foregoing, it shall not be a violation of this Order for a Party to continue to retain Confidential Discovery Material the retention of which is required by law.

16. In the event that a Designating Party discovers that Confidential Discovery Material has been inadvertently disclosed, including but not limited to (i) information or documents which are subject to attorney-client privilege or the work-product doctrine, (ii) information and documents which have been produced in contravention of confidentiality obligations to third parties (which parties refuse to authorize production of said information and documents even under the auspices of this Order); and (iii) other documents mistakenly produced, the Designating Party shall notify the receiving party within three (3) days after discovery of the error. The receiving party shall return all copies of such information or documents to the Designating Party within ten (10) days after receipt of such notice. The receiving party shall treat any disputed privileged information as privileged and confidential unless and until the Court rules otherwise.

17. The inadvertent or unintentional disclosure by either party of Confidential Discovery Material that was not so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of that party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Order because it did not treat that information as Confidential between the time it was disclosed and the time when the party that disclosed it notified the other party of the designation of that information as Confidential.

18. Upon a violation of this Order, any party may make an application to the Court for immediate relief to prevent the violation or further violation of the Order and for contempt of Court, as well and for all other remedies and sanctions available under the Federal Rules of

Civil Procedure and other applicable laws.  In addition, by executing this Order, the parties and counsel agree to use their reasonable best efforts to prevent any violation of this Order.

Dated:  March 14, 2017                                             Dated:  March 14, 2017

**LAW OFFICES OF GARY A. REEVE, LLC**           **NIXON PEABODY LLP**
*Attorney for Plaintiff*                                                *Attorneys for Defendant*


By:   /s/ Gary A. Reeve                                         By:  /s/ Todd R. Shinaman
        Gary A. Reeve                                                        Todd R. Shinaman (*Pro Hac Vice*)

P.O. Box 7866                                                          1300 Clinton Square
Columbus, Ohio 43207                                            Rochester, New York 14604
Phone: (614) 808-1881                                           Phone:  (585) 263-1000
greeve@reevelaw.net                                             tshinaman@nixonpeabody.com


       **IT IS SO ORDERED.**


Date: March 15, 2017                                  /s/ Kimberly A. Jolson
                                                                      KIMBERLY A. JOLSON
                                                                      UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to a confidentiality order in Civil Action No. 2:16-CV-772, Lawler v. Paychex, Inc.  I have reviewed the Stipulation and Order of Confidentiality entered by the Court on _____, 2017. _____ and (Attorney) has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

Date: _____          Signed:_____